# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LEE RIGGINS,<br><br>                 Petitioner,<br><br>     v.<br><br>AMY MILLER, Warden, et al.,<br><br>                Respondents. | Civil No.  13cv1447-GPC (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

     Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.

     This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. See Rule 3(a), 28 U.S.C. foll. § 2254.

## CONCLUSION

     The Court **DISMISSES** the Petition without prejudice for failing to satisfy the filing fee requirement.[1] To have this case reopened, Petitioner must, no later than

---

[1] The Court notes that because Petitioner indicates that his claims are still pending in the California Supreme Court (see Pet. at 6-9), the Court would ordinarily also dismiss the Petition under the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). Under Younger, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. Id. at 45-46; see Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (Younger "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly

**August 21, 2013**: (1) pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee.  The Clerk of Court shall send a blank Southern District of California in forma pauperis application to Petitioner along with a copy of this Order.

  **IT IS SO ORDERED.**

DATED:  June 25, 2013

               *[signature]*
               HON. GONZALO P. CURIEL
               United States District Judge

---

important in the habeas context where a state prisoner's conviction may be reversed in state court, thereby rendering the federal issues moot.  Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).  However, a review of the California Supreme Court website indicates that Petitioner's habeas petition in that court was denied on June 12, 2013.  See www.courts.ca.gov (last visited June 21, 2013); see also Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010) (holding that court may take judicial notice of information posted on government website, the accuracy of which is undisputed).