UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LEE RIGGINS,<br><br>    Petitioner,<br><br>v.<br><br>AMY MILLER, et al.,<br><br>    Respondents. | Civil No. 13cv01447 GPC(RBB)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 8]** |

   Petitioner Rodney Lee Riggins, a state prisoner proceeding pro se and informa pauperis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on June 20, 2013 [ECF Nos. 1, 5].[1] Riggins contests his convictions for robbery, burglary, and petty theft on thirteen bases. (Pet. 2, 10-13, ECF No. 1.) He subsequently filed a Motion for Appointment of Counsel, which was filed nunc pro tunc to August 21, 2013 [ECF No. 8]. There, Petitioner asserts that he needs an attorney to locate witnesses, collect evidence, handle discovery issues, and file a traverse. (Mot. Appointment Counsel 3, ECF No. 8.)  Riggins further argues

---

[1]  The Court will cite to all documents using the page numbers assigned by the electronic case filing system.

that counsel is necessary to "coordinate the litigation" and hire an investigator and an expert. (Id.) Petitioner has attempted to obtain counsel but has been unsuccessful. (Id. at 10-11 (citing id. at 12-15).) No opposition was filed.[2] For the reasons stated below, the Motion for Appointment of Counsel [ECF No. 8] is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Nonetheless, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever "the court determines that the interests of justice so require . . . ." 18 U.S.C.A. § 3006A(a)(2) (West Supp. 2013); see Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1181; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). Otherwise, the appointment of counsel is discretionary. See Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

"Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to

---

[2] Petitioner also filed a "Motion for Discovery and Hearing," filed nunc pro tunc to October 2, 2013 [ECF No. 12]. That motion remains pending.

1  prevent due process violations." Chaney, 801 F.2d at 1196; see
2  Knaubert, 791 F.2d at 728-29. A due process violation may occur in
3  the absence of counsel if the issues involved are too complex for
4  the petitioner. In addition, the appointment of counsel may be
5  necessary if the petitioner has such limited education that he or
6  she is incapable of presenting his or her claims. Hawkins v.
7  Bennett, 423 F.2d 948, 950 (8th Cir. 1970). "To determine whether
8  appointment of counsel is required for habeas petitioners with
9  nonfrivolous claims, a district court should consider the legal
10 complexity of the case, the factual complexity of the case, the
11 petitioner's ability to investigate and present his claim, and any
12 other relevant factors." Abdullah, 18 F.3d at 573 (citing Battle
13 v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v.
14 Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).
15      First, Riggins contends that he has a "substantial likelihood
16 of success given the factual circumstances herein and the state of
17 the applicable law." (Mot. Appointment Counsel 4, ECF No. 8.) At
18 this stage in the litigation, it is too early for the Court to
19 determine Riggins's likelihood of success on the merits. Without
20 additional factual information, the Court cannot conclude that
21 Petitioner is likely to ultimately succeed.
22      Next, Riggins urges that he is "untutored in the law and
23 unable to prepare even the most basic pleading or to conduct basic
24 legal research effectively." (Id.) Although he has been able to
25 rely on fellow inmates to assist him in this case, Petitioner
26 submits that "[t]here is no guarantee he will be able to do so
27 again when needed." (Id.) Despite Riggins's claimed lack of
28 understanding of the law, he has sufficiently himself represented

1 to date. The following documents have been prepared in this
2 action: a 132-page Petition containing thirteen claims and thirty-
3 six pages of exhibits [ECF No. 1], a request to proceed in forma
4 pauperis [ECF No. 4], the Motion for Appointment of Counsel [ECF
5 No. 8], and a "Motion for Discovery and Hearing [ECF No. 12]." In
6 light of the fact that he has been able to prepare and file
7 pleadings and motions in this case, the interests of justice do not
8 weigh in favor of appointing counsel for the Petitioner.
9 See Terrovona, 912 F.2d at 1181. The possibility that Riggins may
10 not be able to secure legal assistance in the future does not
11 justify court-appointed counsel at this time. See Robinson v.
12 Miller, No. C 11-1339 LHK (PR), 2011 WL 2193393, at *2 (N.D. Cal.
13 June 2, 2011) (denying motion for appointment of counsel as
14 premature).

15 　　　Petitioner next contends that the Petition raises several
16 complicated legal issues that only an attorney could properly
17 litigate. (Mot. Appointment Counsel 5, ECF No. 8.) For claim one,
18 Petitioner maintains that counsel is needed to analyze whether his
19 sentence was improper under Apprendi v. New Jersey, 530 U.S. 466
20 (2000). (Id. at 5-6.) Riggins asserts that his other claims based
21 on sentencing errors (claims four, seven, and thirteen) and
22 ineffective assistance of counsel (claim five) are equally complex.
23 (Id. at 6-7.) Yet, from the face of the Petition, filed pro se, it
24 appears that Petitioner has a good understanding of this case and
25 the legal issues involved. The substantive arguments in the
26 Petition span 114 pages and raise thirteen distinct grounds for
27 relief. (Pet. 14-128, ECF No. 1.) The arguments are well
28 organized and contain a recitation of relevant facts with citations

to applicable portions of the reporter's transcripts and state court opinions; the claims also include extensive legal arguments with citations to case law and other supporting authority. (See generally id.) The detail and clarity of Riggins's Petition is more than sufficient to competently present his claims. Moreover, "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519 (1972); Bashor, 730 F.2d at 1234)). The Petition was pleaded sufficiently for this Court to direct Respondents to file an answer or other responsive pleading to the Petition [ECF No. 6].

Riggins also urges that his case is factually complex. (Mot. Appointment Counsel 7, ECF No. 8.) Specifically, he argues that he needs an attorney to obtain and analyze the trial record, collect evidence, and interview witnesses. (Id. at 8-10.) He also insists that counsel is necessary to pay for an investigator, hire an expert, and "investigate the particulars of Petitioner's history to demonstrate the prosecutor lied." (Id. at 9-10.)

Indeed, the assistance that counsel provides is valuable. "An attorney may narrow the issues and elicit relevant information from his or her client. An attorney may highlight the record and present to the court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729. But as the court in Knaubert noted, "[U]nless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record

alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981); 28 U.S.C.A. § 2254(d)). "Therefore, the additional assistance provided by attorneys, while significant, is not compelling." Id. The Court has not yet ruled on Petitioner's "Motion for Discovery and Hearing [ECF No. 12]." Thus, whether an evidentiary hearing is necessary is still pending before this Court. On this basis, Petitioner's request for counsel is premature.

Riggins has not pointed to any particular circumstances that would make the appointment of counsel necessary at this time. See Bashor, 730 F.2d at 1234 (denying request for appointed counsel where petitioner thoroughly presented the issues in his petition and memorandum of law). Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for attorney representation; the appointment of counsel is not required in the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). The Court therefore finds that at this stage of the proceedings, the interests of justice do not require that Petitioner receive the assistance of a court-appointed attorney. Riggins's Motion for Appointment of Counsel [ECF No. 8] is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: December 4, 2013

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Curiel
    All parties